UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A. Fuller,<br><br>            Petitioner,<br><br>vs.<br><br>Chuck Ryan, et al.,<br><br>            Respondents. | CV09-0285-TUC-DCB (JR)<br><br>**REPORT AND RECOMMENDATION** |

  Pending before the Court is Michael A. Fuller's Amended Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

## I.   BACKGROUND

Pursuant to a plea agreement, Fuller was convicted of sexual abuse of a minor and sexual conduct with a minor. *Answer*, Ex. A. On May 21, 2007, the trial court sentenced him to a mitigated, 2.5-year prison term on the sexual abuse charge and a consecutive, presumptive ten-year term on the sexual conduct charge. *Id.*, Ex. B.

On July 16, 2007, Fuller filed a notice of post-conviction relief pursuant to Rule 32, Ariz.R.Crim.P. *Id.*, Ex. C. Fuller's counsel thereafter filed a notice of review pursuant to Rule 32.4(c)(2), informing the court she found no colorable claim to raise. *Id.*, Ex. D. The court granted Fuller leave to file his own petition for post-conviction relief within forty-five days and, when he failed to do so, dismissed the proceeding on December 5, 2007. *Id.*, Ex. E.

A week later, on December 12, 2007, Fuller filed another notice of post-conviction relief. *Id.*, Ex. G. The trial court appointed new counsel, who filed Fuller's second petition for post-conviction relief on March 3, 2008, raising three claims of ineffective assistance of counsel. *Id.*, Ex. I. Following a status conference, the trial court summarily dismissed the petition without explanation. *Id.*, Ex. K.

On July 14, 2008, Fuller appealed the trial court's dismissal of his petition claiming that the trial court abused its discretion in doing so. *Id.*, Ex. L. The Arizona Court of Appeals found no abuse of discretion, "because Fuller is precluded from seeking relief on this ground in this successive post-conviction proceeding." *Id.*, Ex. M, p. 3 (citing Ariz.R.Crim.P. 32.2(a)(3)). The court then proceeded to analyze the

claims anyway and stated that "even assuming his claims were not precluded, the record supports a finding that Fuller's trial counsel acted effectively." *Id*.

On January 5, 2009, Fuller petitioned the Arizona Supreme Court for review. *Id*., Ex. N.  By Order filed on April 10, 2009, the Supreme Court denied review without comment. *Id*., Ex. O.

Fuller commenced the current case on May 18, 2009 (Doc. 1). After it was dismissed without prejudice, Fuller filed an amended petition on March 19, 2010, raising two claims of ineffective assistance of counsel at sentencing (Doc. 9).

## II.     LEGAL DISCUSSION

### A.     The Petition is untimely.

The Respondents contend that Fuller's petition is untimely.  The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  Petitions filed beyond the one-year limitations period must be dismissed. *Id.*

The one-year statute of limitations on habeas corpus petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  In Arizona, the opportunity for direct review includes post-conviction relief proceedings filed under Rule 32, Ariz.R.Crim.P.  "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro*, 481 F.3d 710, 717

(9th Cir. 2007). The limitations period is tolled during the pendency of a properly filed state post-conviction proceeding. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

In this case, Fuller filed his first notice of post-conviction relief on July 16, 2007. His counsel subsequently determined that there were no colorable claims for relief to be presented. Then, by order dated October 3, 2007, the trial court ordered that Fuller's counsel provide Fuller "the entire Post Conviction Relief (PCR record) that counsel has received from the Court to date," and granted Fuller an additional 45 days from the receipt of the file to file a pro per petition for relief. *Answer*, Ex. E. The trial court also warned that "[i]f no petition is filed, the proceedings shall be dismissed." *Id*. Not having received the petition, the trial court dismissed Fuller's notice of post-conviction relief on December 5, 2007. *Id*., Ex. F.

Thus, as of December 5, 2007, the AEDPA limitations period began to run as there was no post-conviction proceeding pending. *Pace*, 544 U.S. at 417. However, Petitioner contends that the period was tolled with the filing of his second notice of post-conviction relief on December 12, 2007. However, that petition was summarily dismissed by the trial court, *Answer*, Ex. K, and subsequently found by the Arizona Court of Appeals to be precluded under Rule 32.2(a)(3)), Ariz.R.Crim.P., as a successive post-conviction proceeding. *Answer*, Ex. M, p. 3. As the second petition was not properly filed, Fuller is not entitled to tolling for the period his second post-conviction action was pending in the state courts. *See Pace*, 544 U.S. at 410 (holding that untimely state post-conviction petition is not "properly filed" within the meaning

of § 2244(d)(2)). Thus, the one-year limitations period began to run on December 5, 2007, and expired well before the original petition was filed in the instant matter on May 18, 2009.

### B.  Petitioner is not entitled to equitable tolling.

The United States Supreme Court has determined that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). However, it is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). "Indeed, 'the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

In his Reply, Fuller asserts that the dismissal of his second post-conviction petition by the Arizona Court of Appeals was because "again my state appointed counsel fell below the standard of care [and] this also was not in my control." *Reply*, p. 3. However, in *Holland* the Supreme Court reiterated that "a garden variety claim" of attorney negligence would not justify equitable tolling. 130 S.Ct. at 2554. Equitable tolling is available only where attorney misconduct is sufficiently egregious to meet the "extraordinary circumstances" standard. *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003). Here, Fuller offers nothing indicating who his counsel was or how his counsel fell below the standard of care.

5

Moreover, the record reflects that Fuller did not exercise due diligence. Fuller does not dispute that after counsel informed the trial court that she could locate no colorable claims for relief, the trial court gave him directions that he was required to file a brief on his own behalf within 45 days of receiving his PCR file from counsel. Despite these specific instructions, Fuller did nothing. He neither filed the ordered brief, nor requested an extension. In fact, he has provided no evidence that he did anything at all. Thus, the Court finds no basis for equitable tolling.

### III.     RECOMMENDATION

For the foregoing reasons, the Magistrate Judge **recommends** that the District Court, after its independent review, **dismiss with prejudice** Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 9).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **09-CV-00285-TUC-DCB**.

Dated this 11th day of February, 2013.

_Jacqueline M. Rateau_
Jacqueline M. Rateau
United States Magistrate Judge